

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. O. Shafer
County Attorney
Ector County
Odessa, Texas

Dear Sir:

Opinion No. O-7509
Re: Issuance of revenue
bonds by independent
school district under
Article 2802e-1 for
teachers' homes.

We have received your letter of November 15, 1946,
which we quote, in part, as follows:

"I respectfully request your department for
an opinion of and concerning the following article,
to-wit: Article 2802e-1, Title 49, as amended by
acts of the 49th Legislature 1945, Page 406, Chap-
ter 261, Paragraph 1, providing independent school
districts with the power to build or purchase build-
ings and grounds for the purpose of constructing
gymnasia, stadia or other recreational facilities.

'"Would an independent school district have
the authority under this Article to build or pur-
chase buildings and grounds to be used as rent
houses or apartment house for teachers?'

"In other words, would the term, 'other
recreational facilities', be broad enough to
include the building and renting of an apart-
ment house for the use of a teacher or teachers?
If such term could be so construed; it would,
of course, save an independent school district
the necessity of complying with the terms of
Article 2797 of the Revised Civil Statutes and
thereby be most economical to such school dis-
trict."

Honorable W. O. Shafer - page 2

As you mention in your letter, Article 2797 provides for the issuance of tax bonds for teachers' homes. However, you wish to know whether bonds may be issued for such purpose under Article 2802e-1, Vernon's Annotated Civil Statutes, which bonds would be paid from revenues obtained from renting the houses or apartments, rather than taxes.

Article 2802e-1, under conditions therein outlined, authorizes independent and common school districts and cities which have assumed control of the public schools situated therein to issue revenue bonds "for the purpose of constructing gymnasia, stadia, or other recreational facilities." (emphasis added). Our sole question, therefore, is whether rent houses or apartment houses for teachers comes within the scope of "other recreational facilities."

It is our opinion, that teachers' homes are not "other recreational facilities" under Article 2802e-1.

The power to issue negotiable bonds is a power which is regarded as being beyond the scope of power of a municipal subdivision unless it is specially granted. This doctrine was clearly announced by our Commission of Appeals in the case of Keel v. Pulte, 10 S. W. (2d) 694. The court further held:

"This extraordinary power, when granted, can be exercised only in the mode and for the purposes specified in the grant."

It seems evident to us that a teachers' home is not a recreational facility. However, if it could be so construed, it would still be our opinion that Article 2802e-1 does not authorize revenue bonds for such purpose. In Texas Jurisprudence, Volume 39, page 202, it is announced:

"The doctrine of ejusdem generis (of the same kind) imports that general words following an enumeration of particular or specific things will be confined to things of the same kind. In brief, the general words so used are

Honorable W. O. Shafer - page 3

not to be construed in their widest sense,
but are to be held as applying only to per-
sons or things of the same kind and class
as those enumerated."

It is obvious that teachers' homes are in no
way related to structures or improvements used for ath-
letic purposes, such as gymnasia and stadia.

You are, therefore, advised that a teachers'
home is not a "recreational facility" within the purview
of Article 2802c-1.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_
George W. Sparks
Assistant

GWS-bw

APPROVED DEC 4, 1946

_Harris Toler_
FIRST ASSISTANT
ATTORNEY GENERAL